UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CRIMINAL ACTION NO. 1:08CR-11-R-1

UNITED STATES OF AMERICA                                            PLAINTIFF

v.

MICHAEL JOSEPH PATTERSON                                    DEFENDANT

**MEMORANDUM AND ORDER**

Unrepresented by counsel, Defendant Patterson has moved the Court to enter an Order directing that he be transferred from state to federal custody.

From the record, it appears that Defendant Patterson was arrested and taken into custody by state officials in October 2007. He was indicted by a federal grand jury on February 6, 2008. He was transferred from state to federal custody on March 5, 2008, for arraignment. After the arraignment hearing, he was returned to state custody.

On July 22, 2008, the Warren Circuit Court ordered Defendant Patterson to serve a seven-year prison sentence. The Warren Circuit Court directed that Patterson be delivered to the Kentucky Department of Corrections and incarcerated at a location within Kentucky. Shortly thereafter, on September 5, 2008, this Court entered a Judgement and Commitment Order ordering Defendant Patterson to serve a forty-six-month federal sentence. On December 6, 2010, the Court amended its Judgment and Commitment Order allowing "defendant's previously imposed sentence of 46 months imprisonment . . . [to] be served concurrently with the sentence of imprisonment imposed in Warren Circuit Court."

The "primary jurisdiction/custody" doctrine was developed to provide an orderly method by which to prosecute and incarcerate an individual that violated the law of more than one

sovereign. *United States v. Warren*, 610 F.2d 680, 684-85 (9th Cir. 1980). Under the doctrine, the sovereign which first arrests an individual acquires priority of jurisdiction for purposes of trial, sentencing, and incarceration. *Id.* While the sovereign with primary jurisdiction/custody may elect to relinquish its authority to another sovereign, "this discretionary election is an executive, and not a judicial, function." *Id.*

From the record, it appears that Kentucky obtained primary jurisdiction/custody over Defendant Patterson. There is no indication in the record that Kentucky has permanently relinquished its authority over Defendant Patterson. And, even if it had, the location of Defendant Patterson's incarceration would be a matter to be determined by the executive branch of the United States (Federal Bureau of Prisons) and not this Court.

Accordingly, for these reasons, Defendant Patterson's motion (DN 39) is **DENIED**. Additionally, because there are no active matters pending in this Court related to Defendant Patterson, his motion to appoint counsel (DN 39) is also **DENIED**.

Finally, Defendant Patterson has written the Clerk of Court seeking information related to the status of his federal sentence. He questions whether the Bureau of Prisons properly credited him with the time he spent incarcerated before imposition of his federal sentence. In *United States v. Wilson*, 503 U.S. 329 (1992), the Supreme Court found that a district court does not have the authority to award credit for prior custody, and it reversed a Sixth Circuit opinion that had directed a district court to do so. The Supreme Court held that authority to determine credit for prior custody belongs solely to the Attorney General:

> After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence. *See* 18 U.S.C. § 3621(a). . . . Because the offender has a right to certain jail-time credit under § 3585(b), and because the district court cannot determine the amount of the credit at sentencing, the

> Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant.

*Id.* at 335. Thus, Defendant Patterson should direct any questions regarding the calculation of his sentence to the Federal Bureau of Prisons. The Clerk of Court has no authority over such matters.

Date:


cc: Defendant Michael Joseph Patterson
 United States Attorney

4413.008